UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

---

WILLIAM VICKLA,

      Petitioner,

v.

BRUCE REISER,

      Respondent.

---

Civil No. 11-2754 (DWF/JJK)

**REPORT AND RECOMMENDATION**

This matter is before the undersigned United States Magistrate Judge on Petitioner's application for habeas corpus relief under 28 U.S.C. § 2254.  (Docket No. 1.) The matter has been referred to this Court for report and recommendation pursuant to 28 U.S.C. § 636 and Local Rule 72.1.  For the reasons discussed below, it is recommended that this action be summarily dismissed with prejudice.

Petitioner commenced this action on September 26, 2011, by filing a habeas corpus petition challenging his 2007 Minnesota state criminal conviction for various check counterfeiting offenses.  It appears on the face of the petition that Petitioner's judgment of conviction became final more than one year before his petition was filed, and that this action is therefore untimely under the one-year statute of limitations prescribed by 28 U.S.C. § 2244(d)(1)(A).[1]

---

[1] 28 U.S.C. § 2244(d)(1)(A) provides that --

"A 1-year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court.  The limitation period shall run from the latest of --
(A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review...."

Because of the obvious timeliness issue in this case, the Court previously ordered Petitioner to explain why this action should not be summarily dismissed.  (See Order dated October 11, 2011; [Docket No. 6].[2])  Petitioner was informed that if he did not respond to that order by November 15, 2011, the Court would recommend that this action be dismissed with prejudice.

The deadline for responding to the Court's prior order has now passed, and Petitioner has not filed any response.   In fact, Petitioner has not communicated with the Court at all since he filed his petition.   The Court must therefore consider the timeliness of the present petition without any input from Petitioner.

The petition shows that Petitioner was convicted and sentenced on June 20, 2007, based on a guilty plea entered in the state district court for Dakota County, Minnesota. (Petition, [Docket No. 1], p. 1, §§ 1-5.)  According to the Minnesota Supreme Court, Petitioner did not file a direct appeal after judgment was entered.  Vickla v. State, 793 N.W.2d 265, 268 (Minn. 2011).[3]  Therefore, the one-year period for seeking federal habeas corpus review of Petitioner's conviction and sentence began to run when the deadline for filing a direct appeal expired.   (See n. 1, supra.)

According to the Minnesota Rules of Criminal Procedure, "[i]n felony and gross misdemeanor cases, an appeal by the defendant must be filed within 90 days after final judgment or entry of the order being appealed."  Rule 28.02, subd. 4(3)(a).  Thus, the

---

[2]  The order also required Petitioner to show that he had exhausted all available state court remedies for all of the claims presented in his habeas petition.

[3]  Petitioner purportedly filed an appeal challenging the judgment in his criminal case, (Petition, pp. 1-2, §§ 8-9), but that must have been the appeal taken in a subsequent post-conviction proceeding.

deadline for seeking direct appellate review of Petitioner's conviction and sentence was approximately September 19, 2007, (90 days after the judgment was entered), and the statute of limitations began to run on or about that date.  The one-year deadline for seeking federal habeas corpus relief in this case then would have expired on or about September 19, 2008.  However, Petitioner did not file his present petition until September 26, 2011, which was more than three years after the one-year statute of limitations expired.

The federal habeas corpus statute of limitations is tolled while a state prisoner is pursuing post-conviction relief in the state courts.  28 U.S.C. § 2244(d)(2).  See also Mills v. Norris, 187 F.3d 881, 883-84 (8th Cir. 1999) (federal habeas statute of limitations remains tolled during the entire period of time that state post-conviction proceedings are pending in any state court, including the state appellate courts).  Petitioner did seek state post-conviction relief in the state courts, but he did not file his post-conviction motion until January 2009, (Vickla, 793 N.W.2d at 268), which was well after the federal statute of limitations had already expired.

The Eighth Circuit Court of Appeals has held that the federal habeas statute of limitations "cannot be tolled after it has expired."  Jackson v. Ault, 452 F.3d 734, 735 (8th Cir. 2006).  See also Painter v. State of Iowa, 247 F.3d 1255, 1256 (8th Cir. 2001) ("the time between the date that direct review of a conviction is completed and the date that an application for state post-conviction relief is filed counts against the one-year period").  Because the statute of limitations expired before Petitioner filed his state post-conviction motion, the tolling provision of § 2244(d)(2) cannot save the current habeas corpus petition from being time-barred.

The Court's prior order specifically advised Petitioner that if he failed to explain why his petition is not time-barred, the Court would recommend that this action be summarily dismissed with prejudice.  As noted above, Petitioner has not complied with the prior order, and he has not made any effort to establish the timeliness of his petition. Moreover, it clearly appears from the information available to this Court that the current petition is indeed time-barred.  The Court will therefore recommend, in accordance with the prior order, that this action be dismissed with prejudice.

Having determined that this action must be dismissed, the Court will further recommend that Petitioner's pending application to proceed in forma pauperis, (Docket No. 2), be summarily denied.  See 28 U.S.C. § 1915(e)(2)(B)(ii); see also, Kruger v. Erickson, 77 F.3d 1071, 1074, n. 3 (8th Cir. 1996) (per curiam) (IFP application should be denied where habeas petition cannot be entertained).

A § 2254 habeas corpus petitioner cannot appeal an adverse ruling on his petition unless he is granted a Certificate of Appealability, ("COA").   28 U.S.C. § 2253(c)(1); Fed. R. App. P. 22(b)(1).  A COA cannot be granted, unless the petitioner "has made a substantial showing of the denial of a constitutional right."  28 U.S.C. § 2253(c)(3).  To make such a showing, "[t]he petitioner must demonstrate that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong." Slack v. Daniel, 529 U.S. 473, 484 (2000).

In this case, the Court finds that it is highly unlikely that any other court, including the Eighth Circuit Court of Appeals, would decide Petitioner's claims any differently than they have been decided here.  Petitioner has not identified, and the Court cannot

4

independently discern, anything novel, noteworthy or worrisome about this case that warrants appellate review.  It is therefore recommended that Petitioner should <u>not</u> be granted a COA in this matter.

### **RECOMMENDATION**

Based on the foregoing, and all the files, records and proceedings herein,

**IT IS HEREBY RECOMMENDED** that:

1.  Petitioner's application for a writ of habeas corpus, (Docket No. 1), be **DENIED**;

2.  Petitioner's application for leave to proceed <u>in forma pauperis</u>, (Docket No. 2), be **DENIED**;

3. This action be **DISMISSED WITH PREJUDICE**; and

4.  Petitioner should **NOT** be granted a Certificate of Appealability.

Dated:   November 22, 2011

*s/ Jeffrey J. Keyes*
JEFFREY J. KEYES
United States Magistrate Judge

Under D.Minn. LR 72.2(b) any party may object to this Report and Recommendation by filing with the Clerk of Court, and serving all parties by **December 9, 2011**, a writing which specifically identifies those portions of this Report to which objections are made and the basis of those objections.  Failure to comply with this procedure may operate as a forfeiture of the objecting party's right to seek review in the Court of Appeals.  A party may respond to the objecting party's brief within ten days after service thereof.   All briefs filed under this rule shall be limited to 3500 words.  A judge shall make a de novo determination of those portions of the Report to which objection is made.  This Report and Recommendation does not constitute an order or judgment of the District Court, and it is therefore not appealable directly to the Circuit Court of Appeals.